37 C.C.P.A.(Patents)

## Application of OTT.
### Patent Appeal No. 5682.

United States Court of Customs
and Patent Appeals.

May 9, 1950.

Philip S. McLean, New York City, for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner in finally rejecting claims 5–12 of appellant's application for a patent on a method for producing etched plates.

The rejection comes before the court with a dissenting opinion rendered by a member of the Board of Appeals who held that the appealed claims represent a patentable advance over the art of record and the decision of the examiner should be reversed.

At oral argument, counsel for applicant asserted that the limitations defined by claims 9 and 12 embodied the complete method upon which appellant relied as involving his invention over the disclosure of the prior art. Consequently, it is unnecessary that we discuss the remainder of the claims.

Claims 9 and 12 read:

"9. The herein disclosed method of producing etched articles which comprises applying designs in permanent enamel forming resist to the opposite sides of a plate, employing the same original edge of the plate for register of the designs on both sides, treating to convert the enamel to hard, permanent enamel resist on both sides of the plate and then simultaneously etching both sides of the plate in a single etching operation.

"12. The herein disclosed method of producing an etched article which comprises printing directly on the surface of an article the design which is to constitute the highlight with a alkyd resin paste which will bake to a hard, permanent, acid resistant finish forming enamel, baking to transform the printed material to the permanent finished highlight and which in such state without further treatment will constitute a resist for etching purposes, and then etching those portions of the surface left exposed by said printed resist and final finish forming enamel."

The following references were relied upon by the tribunals of the Patent Office:

Nierenberg 2,102,162 Dec. 14, 1937
Somers 2,258,520 Apr. 14, 1942
Sackett 2,279,496 Oct. 7, 1941

The disclosure upon which appellant relies impart patentability upon the contested claims is thus summarized in his specification: "Briefly stated, the invention resides in applying the desired design, either in raised or sunken characters, with an enamel which will bake to a hard, acid resistant condition, then baking to convert the covered or what may be termed the "printed" portions to a hard ornamental resist which will constitute the final applied decoration, and then etching the unprinted, uncovered portions."

Appellant's disclosure relates to a method of forming etched designs on metal. More details with respect thereto were described by the board as follows: "The subject of the claims under consideration is a method of decorating name plates and the like by a combination of printing and etching operations, the printing to form a desired ornamental design in color and the etching to establish desired contrast between the design and the balance of the plate. The design is printed on the plate, which is usually of metal, with an acid resistant printing material comprising an alkyd resin which is later baked into a hard acid resistant finish and the plate is then subjected to etching with the conventional etching agents."

Appellant alleges that claim 12 differs from his other claims in that the limitations of claim 12 specify the ink to be used in carrying out his method is an alkyd resin paste, and that claim 9 is specifically directed to the double face printing single-etching operation, and includes the step of employing the original edge of the plate for registering the designs on both sides, before etching.

The Board of Appeals put the disclosure of the respective references into capsule form, as noted in the following excerpt taken from the decision of the board: "Somers shows that it is old to protect the back of an engraving plate against the action of etching reagents by means of a resin coating which is baked onto the back of the plate. Nierenberg shows that it is old to print a design on a metal plate; to cover the printed design with an etchant resisting coating; etch the plate and finally remove the etchant resisting coating together with the printed matter from the plate. This process represents the state of the art admitted to be old by the appellant. Nierenberg also shows that the design may be plated to give any desired color thereto. Sackett shows that it is old to stencil designs on materials generally by means of colored alkyd resins."

Relying on the state of the art as hereinbefore described and quoted, the board held that no invention would be involved in using Sackett's colored resins to print colored designs on metal plates, and to etch the printed plates to effect the desired contrast between the colored design on the metal plate and the rest of the plate; that appellant in creating the method defined by the appealed claims had not exercised the inventive faculty but had merely taken advantage of the well known acid resisting characteristic of alkyd in a manner amply suggested by Somers to mask that portion of the plate which to remain unetched.

The board further held that while some of the appealed claims defined various modifications of the process described in the prior art, such modifications were merely obvious and optional variations which lacked patentable merit.

Somers discloses a patent for printing a photo-engraved plate and the use of a baked resin coating on the back of the plate to protect the entire back from the action of an etching reagent, but not to protect an etched plate of a desired or specific design as called for by the claims on appeal.

The Solicitor for the Patent Office does not deny the complexity of the process defined by the patent to Nierenberg. The solicitor urges that the complexity of that process, and the multiplicity of the steps illustrated by the figures of his drawings, are due principally to the fact that Nierenberg subjects his metal sheet to deep drawing, for which the appealed claims do not call.

The court has been impressed with the merit of the situation as disclosed by the record and summarized to the following effect in the dissenting opinion of L. P. McCann, an Examiner-in-Chief of the Board of Appeals: "The prior art of record is exemplified by Nierenberg, who discloses an etching method which is far more complicated than appellant's method. The utter simplicity of appellant's method, compared to prior art methods, is so striking that if it were suggested by Somers, it would have been immediately adopted. There is no showing that this is so and this justifies the holding that appellant's method

is not an obvious one, and its conception required ingenuity beyond the compass of a person skilled in this art."

Appellant has produced a patentably new result through the method defined by the appealed claims. Its simplicity effects a saving of time and costs. The references do not suggest the procedure that appellant has defined and, for the reasons stated, the decision of the board is modified; it is reversed as to claims 9 and 12, and affirmed as to all other claims on appeal.

Modified.